IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE SALTER,

    Petitioner,                   No. CIV S-11-2327 DAD P

    vs.

S. M. SALINAS,                  ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). The Moreover, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4;

/////

a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

In his September 1, 2011 petition, petitioner claims that former Governor Arnold Schwarzenegger's 2010 reversal of the November 19, 2009 decision by the California Board of Parole Hearings ("Board") to grant petitioner parole violated his right to due process because he was not granted a separate hearing before the Governor. A review of the record before the court reflects that petitioner's allegations plainly do not entitle him to federal habeas corpus relief. Accordingly, his petition will be dismissed pursuant to habeas Rule 4.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

/////

1    California's parole scheme gives rise to a liberty interest in parole protected by the
2    federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
3    Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
4    Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
5    this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
6    F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
7    California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release
8    on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,
9    44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

10    In Swarthout, the Supreme Court reviewed two cases in which California
11    prisoners were denied parole - in one case by the Board (petitioner Cooke), and in the other by
12    the Governor (petitioner Clay) after the Board had granted parole.  Swarthout, 131 S. Ct. at 860-
13    61.  The Supreme Court noted that when state law creates a liberty interest, the Due Process
14    Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review
15    the application of those constitutionally required procedures."  Id. at 862.  The Court concluded
16    that in the parole context, however, "the procedures required are minimal" and that the
17    "Constitution does not require more" than "an opportunity to be heard" and being "provided a
18    statement of the reasons why parole was denied."  Id. (citing Greenholtz, 442 U.S. at 16).  With
19    regard to the opportunity to be heard, the Supreme Court concluded that both petitioners,
20    including petitioner Clay, received sufficient process because "they were allowed to speak at
21    their parole hearings and to contest the evidence against them."  Id.

22    The petitioner in this case also was allowed to speak at his parole hearing and to
23    contest the evidence against him.  (Doc. No. 1-3.)  The fact that he did not receive a separate
24    hearing before the Governor did not violate his due process right to be heard.  Id.  See also
25    Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the
26    Due Process Clause for denial parole under the California system, it made clear that the Clause's

requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2009 parole suitability hearing. (Doc. 1-3 at 9.) The record also establishes that at that 2009 hearing petitioner was given the opportunity to be heard before the Board and received a statement of the reasons why parole was denied at that time by the Board panel. (Id. at 2-14.) That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191. This is true even though petitioner is challenging the Governor's reversal, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[W]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.") Accordingly, the pending petition will be dismissed because it plainly appears from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to relief on his due process claim.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed and this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: October 20, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
salter2327.dismiss

5